UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| SYLVIA TREVINO, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. G-10-66 |
| | § | |
| JACK O'BOYLE & ASSOCIATES, *et al*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND ORDER**

I.

Before the Court are the unopposed motions to dismiss of the defendants, OCWEN Loan Servicing LLC (hereafter referred to as "OCWEN"), and Bank of America, N.A. (Instruments 26 and 27), brought pursuant to Federal Rules of Civil Procedure, Rules 12(b)(1) and 12(b)(6). The Court has examined the pleadings on file, reviewed the pending motions and the authorities cited, and determines that the motions are meritorious and should be granted.

II.

In 2007, the plaintiff, Sylvia Trevino, sought to refinance a real estate mortgage loan that was held by the Countrywide Bank, FSB, now Bank of America Mortgage. At the time, the loan was owned by Freddie Mac but serviced by Countrywide until it was transferred to OCWEN in 2009. In the meantime, Countrywide merged with Bank of America. This transaction accounts for Countrywide and Bank of America's presence in this suit as defendant. Thereafter, OCWEN proceeded to foreclose the loan in a nonjudicial foreclosure.

III.

The plaintiff contends that Countrywide defrauded her, violated the Deceptive Trade Practices Act of Texas (DTPA) and breached the duty of good faith and fair dealing owed to her.

Similar allegations are made against Bank of America and OCWEN. As well, the plaintiff asserts that OCWEN wrongfully foreclosed on her property and she included defendants John/Jane Does 1-10 presumably, banking officials.

The defendants contend that the plaintiff's DTPA claim is time barred, no legal duty of good faith and fair dealing exists as between the parties, no fiduciary duty exists between the parties, no diversity jurisdiction exists between the parties, and no federal question is raised by the plaintiff's pleadings. Therefore, the Court should dismiss the plaintiff's suit for lack of jurisdiction.

IV.

A federal district court acquires federal question jurisdiction by statutory grant, treatises, and the federal Constitution. *See,* 28 U.S.C. § 1332(a). In such an instance, there must be complete diversity of citizenship between the plaintiff and the defendants and the amount in controversy must meet or exceed the minimum of $75,000 in damages.

A motion to dismiss is appropriate when a court lacks subject matter or diversity jurisdiction, or the plaintiff's complaint fails to state facts, that if accepted as true, establishes a plausible basis for relief. *Ashcroft v. Iqbal*, ____ U.S. _____, 129 S.Ct. 1937, 1949 (2009).

V.

In the case at bar, the plaintiff has failed to allege or otherwise plead the citizenship of the defendants. Moreover, there is no pleading that addresses the minimum jurisdictional amount that is a necessary threshold to establish diversity jurisdiction. *See*, 28 U.S.C. 1332(a). Because the pleadings are wholly inadequate in this respect, the Court is of the opinion and holds that diversity jurisdiction is lacking.

The same conclusion is reached by the Court on the issue of federal question jurisdiction. In fact, nowhere in the plaintiff's complaint does the plaintiff assert a claim based on a federal statute or the federal Constitution. The breadth and depth of the plaintiff's pleadings rests in state common law or statutory causes of action, i.e., fraud, DTPA, and breach of the duty of good faith and fair dealing. Hence, except on the basis of diversity jurisdiction, a federal court lacks authority to act and that authority is absent here.

Therefore, it is ORDERED that the plaintiff's suit be and it is hereby DISMISSED in its entirety for lack of subject matter or diversity jurisdiction.

It is so Ordered.

SIGNED at Houston, Texas this 24th day of August, 2010.

_____
Kenneth M. Hoyt
United States District Judge